# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STACEY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.**  CIV-16-149-D |
| | ) | |
| | ) | **Caddo County Dist. Ct.** |
| | ) | **Case No. CJ-2015-90** |
| | ) | |
| AMERICAN NATIONAL PROPERTY | ) | |
| AND CASUALTY COMPANY, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, Federal Rule of Civil Procedure 81, and Local Civil Rules 81.2, Defendant American National Property and Casualty Company, a foreign corporation (hereinafter "Defendant American National"), gives notice of removal from the District Court of Caddo County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.  In support of this Notice of Removal, Defendant American National states as follows:

1.      Plaintiff Stacey Wright (hereinafter "Plaintiff Wright") initiated this action by filing a Petition in the District Court of Caddo County, State of Oklahoma, on November 23, 2015, captioned *Stacy Wright v. American National Property and Casualty, a foreign corporation; Zachary Wilson Welding; and Zachary Allen Wilson, personally*, Case No. CJ-2015-90, following an automobile collision that occurred on or

about September 25, 2015 in Hydro, Oklahoma, located in Caddo County, State of Oklahoma. *See State Court Petition, attached hereto as Exhibit 1.*

2.     Plaintiff Wright's Petition alleged causes of action for negligence against Zachary Allen Wilson (hereinafter "Defendant Wilson"), claims under the doctrine of *respondeat superior* against Zachary Wilson Welding (hereinafter "Defendant Wilson Welding"), and breach of contract and bad faith against Defendant American National. For each of these causes of action against the Defendants, Plaintiff Wright sought damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), her attorney's fees, costs, and interest, and punitive damages. *See Exhibit 1, at ¶¶ 48-75.*

3.     Process was served upon Defendant American National by serving the Oklahoma Insurance Department by certified mail on December 4, 2015, which was in accordance with 36 O.S. § 621(A)-(B).  *See Correspondence from the Insurance Commissioner of the State of Oklahoma to American National, dated December 4, 2015 and attached Summons for ANPAC, attached hereto as Exhibit 2.*

4.     On December 18, 2015, Defendant Wilson filed an Entry of Appearance, reserving an additional twenty (20) days in which to answer Plaintiff Wright's Petition, or until January 25, 2016. *See Entry of Appearance for Defendant Wilson, attached hereto as Exhibit 3.*

5.     On December 31, 2015, Defendant American National entered its appearance and filed its Answer to Plaintiff Wright's Petition. *See Entry of Appearance for American National, attached hereto as Exhibit 4; and Answer to Petition, attached hereto as Exhibit 5.*

2

6.      On January 6, 2016, Plaintiff Wright amended her Petition (hereinafter "First Amended Petition"), asserting additional allegations regarding her breach of contract and bad faith causes of action against Defendant American National.  *See Plaintiff Wright's First Amended Petition, attached hereto as Exhibit 6.*

7.      On January 14, 2016, Defendant Wilson, doing business as Defendant Wilson Welding, filed an Answer to Plaintiff Wright's Petition and also filed an Answer to Plaintiff Wright's First Amended Petition.  *See Answer of Defendant Wright, doing business as Defendant Zachary Wilson Welding, attached hereto as Exhibit 7 and Answer to Plaintiff's First Amended Petition, attached hereto as Exhibit 8.*

8.      Also on January 14, 2016, Defendant American National filed its Answer to Plaintiff Wright's First Amended Petition.  *See Defendant American National's Answer to Plaintiff Wright's First Amended Petition, attached hereto as Exhibit 9.*

9.      At the time Defendant Wright filed her initial Petition and First Amended Petition, complete diversity did not exist between the parties.

10.     Plaintiff Wright is a resident of Weatherford, Oklahoma, located in Custer County, State of Oklahoma. *See Exhibit 1, at ¶ 1.*

11.     Defendant American National is a foreign insurer.  It was formed and exists under the laws of the State of Missouri and has its principle place of business in Springfield, Missouri, which is located within the State of Missouri. *See Exhibit 1, at ¶ 2.*

12.     Defendant Wilson is a resident of Chickasha, Oklahoma, located in Grady County, State of Oklahoma. *See Exhibit 1, at ¶ 4.*

3

13.     Defendant Wilson Welding is a sole proprietorship owned and operated by Defendant Wilson and has its principle place of business in Chickasha, Oklahoma, located in Grady County, State of Oklahoma. *See Exhibit 1, at ¶ 3.*

14.     Defendant American National recently received information sufficient to ascertain that this case has become removable.

15.     On or about January 14, 2016, Defendant Wilson, individually, and doing business as, Defendant Wilson Welding, mailed an Offer to Confess Judgment pursuant to 12 O.S. § 1101 in which he offered judgment be taken against Defendant Wilson and Defendant Wilson Welding and in favor of Plaintiff Wright.  Specifically, judgment would be taken against Defendant Wilson and Defendant Wilson Welding for an amount of $69,972.00, inclusive of all interest, costs, and attorney's fees, on all of Plaintiff Wright's claims for bodily injury and property damage.  This amount would be payable to both Plaintiff Wright, and non-party, Todd B. Wright. *See Offer to Confess Judgment, attached hereto as Exhibit 10*.

16.     On January 27, 2016, Plaintiff Wright filed her Notice of Acceptance of Defendant Wilson and Defendant Wilson Welding's Offer to Confess Judgment, which Defendant American National received on or about January 29, 2016  *See Plaintiff Wright's Notice of Acceptance, attached hereto as Exhibit 11.*

17.     A journal entry of judgment has not yet been entered against Defendant Wilson and Defendant Wilson Welding.   However, correspondences have been exchanged between the parties regarding a proposed journal entry along with a proposed

release and satisfaction.  *See Correspondence from Anthony P. Sutton to Gerard F. Pignato, dated Jan. 28, 2016, attached hereto as Exhibit 12*.

18.    To ensure that removal is timely, Defendant American National considers the receipt, through service, of Plaintiff Wright's Acceptance of Defendant Wilson and Defendant Wilson Welding's Offer of Judgment as the "other paper" from which Defendant American National first ascertained that this case is one which has become removable pursuant to 28 U.S.C. § 1446(b)(3).

19.    As set forth in 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

20.    Federal courts, including those within Oklahoma, have broadly construed the "other paper" requirement and have found persuasive the broad rule that "'[w]here plaintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant, plaintiff has indicated that he no longer desires to dictate the forum and the case then becomes removable,'" and that "'[t]he technicality of how plaintiff's intention is expressed is of no moment – it is the expression of the intent by plaintiff which makes the case removable.'" *Turley v. Stillwell*, No. 11-CV-0030-CVE-FHM, 2011 U.S. Dist. LEXIS 30278, at **18-19 (N.D. Okla. Mar. 22, 2011).  In construing this broad rule, the Northern District of Oklahoma, for example, has determined that voluntary agreements to settle and dismiss a non-diverse defendant can

constitute the "other paper" under 28 U.S.C. § 1446(b)(3), so long as the agreements are enforceable under Oklahoma law. *Id.* at *19.

21.    In considering these above rules, it is apparent that the acceptance of an offer of judgment can be construed as a voluntary act by a plaintiff to discontinue the action against non-diverse defendants.  Further, under Oklahoma law, the acceptance of an offer of judgment becomes legally binding against a defendant because, as under 12 O.S. § 1101, it will be noted as a journal entry of judgment against a defendant.

22.    As such, the receipt of Plaintiff Wright's Acceptance of Defendant Wilson and Defendant Wilson Welding's Offer of Judgment serves as the "other paper" by which Defendant American National could have first ascertained that this case became removable.

23.    Since this Notice of Removal has been filed within thirty (30) days of receipt of that Acceptance, it has been timely filed pursuant to 28 U.S.C. § 1446(b)(3).

24.    Removal is proper because this Court now has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), by reason of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff Wright's Petition, exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and that there is complete diversity of citizenship between Plaintiff Wright, a citizen of Oklahoma and Defendant American National, a citizen of Missouri.  Accordingly, this action may be removed by Defendant American National pursuant to 28 U.S.C. § 1441(a).

25.     In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all process, pleadings, and orders served upon Defendant American National (*attached hereto as Exhibits 1, 2, 3, 6, 7, 8, 10, and 11*), a copy of the Caddo County District Court docket sheet (*attached hereto as Exhibit 13*) and all remaining documents filed or served in this case to date are attached to this Notice of Removal (*attached hereto as Exhibit 14*).

**WHEREFORE**, Defendant American National Property and Casualty Company, requests this Notice of Removal be accepted by this Court, and that this lawsuit proceed as an action properly removed to this Court's jurisdiction.

**DATED** this 17th of February, 2016.

Respectfully submitted,

*s/Andrew C. Jayne*
Andrew C. Jayne, OBA #19493
BAUM GLASS & JAYNE
Mid-Continent Tower
401 S. Boston Ave., Suite 2300
Tulsa, Oklahoma  74103
Telephone:  918/938.7944
Facsimile:  918/938.7966
Email: ajayne@bgj-law.com

ATTORNEY FOR DEFENDANT
AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2016, I electronically transmitted this *Notice of Removal* to the Clerk of the Court using the ECF System for filing to the ECF participants:

Gerard F. Pignato, Esq.
PIGNATO, COOPER, KOLKER & ROBERSON
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Email: jerry@pclaw.com

Clayton B. Bruner, Esq.
CLAYTON B, BRUNER, P.L.L.C.
2811 East Main
Weatherford, Oklahoma 73096
Email: claybrunerlaw@gmail.com

ATTORNEYS FOR PLAINTIFF
STACEY WRIGHT

Additionally, pursuant to 28 U.S.C. § 1446(d), true and correct copies of the *Notice of Removal* were delivered to:

Patti Barger
Caddo County Court Clerk
Courthouse
P.O. Box 10
Anadarko, Oklahoma 73005-0010

*s/Andrew C. Jayne*
Andrew C. Jayne