# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-149-D |
| | ) |
| AMERICAN NATIONAL | ) |
| PROPERTY AND CASUALTY | ) |
| COMPANY, a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 8], to which Defendant has filed its response in opposition [Doc. No. 9]. The matter is fully briefed and at issue.

## I.     BACKGROUND

Plaintiff was involved in a traffic accident with Zachary Wilson in which she suffered bodily injuries and damage to her vehicle. She submitted claims to both her insurer, Defendant American National Property and Casualty Company (ANPAC), and Wilson's insurer to recoup losses stemming from the accident. After settlement talks proved unfruitful, Plaintiff filed suit in Caddo County District Court against Wilson, his business, Zachary Wilson Welding (collectively "the Wilson Defendants"), and Defendant under theories of negligence, respondeat superior,

breach of contract, and bad faith. According to the Petition, Plaintiff and the Wilson Defendants are Oklahoma residents/companies and ANPAC is a Missouri corporation.

After Plaintiff's action was filed, the Wilson Defendants filed an Offer to Confess Judgment in the amount of $69,972.00. Plaintiff accepted the offer, filed a Notice of Acceptance, and subsequently received and cashed the settlement checks. Pursuant to 12 OKLA. STAT. § 1101, after an offer of judgment has been accepted, "judgment shall be entered accordingly." *Id*. However, prior to the state court's entry of judgment, ANPAC removed the action to this Court on the basis of diversity jurisdiction, alleging Plaintiff's acceptance constituted a voluntary act to discontinue her action again the Wilson Defendants (the non-diverse parties), making removal proper.

Plaintiff contends removal is improper because her claims against the Wilson Defendants have not been formally dismissed from this action. Consequently, Plaintiff contends her claims against these defendants are still pending, and, by virtue of Defendant's removal to this Court, remain pending since the state court was divested of jurisdiction prior to entering judgment.[1] In addition, Plaintiff contends that

---

[1]It is generally true that removal of a state action to federal court immediately divests the state court of jurisdiction. *See* 28 U.S.C. § 1446(d)(noting that after removal has been effected, "the State court *shall proceed no further* unless and until the case is remanded") (emphasis added). However, despite the statute's seemingly
(continued...)

assuming the trial court does enter judgment, removal would remain improper since the entry of judgment is an action of the court, not a voluntary act by Plaintiff. Lastly, Plaintiff contends Defendant's notice is procedurally ineffective since the Wilson Defendants, assuming they are still parties to this action, did not consent to removal.

## II. STANDARD OF DECISION

A civil action is removable only if a plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (Defendant "bears the burden to establish that its removal of Plaintiff's case to federal court was proper.") (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). The defendant must establish that federal

---

[1](...continued)
sweeping prohibition against further state involvement, federal decisions have held state courts are not prohibited from taking ministerial steps that do not affect the adjudication of the removed action. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 692-93 (6th Cir. 1999) ("Even though there is a dearth of authority interpreting what "proceed no further" means, we see no reason to believe that Congress intended for the state courts in removed cases to be forever paralyzed from taking ministerial steps that do not affect the adjudication of the parties' dispute."); *see also Pebble Creek Homes, LLC v. Upstream Images, LLC*, 547 F. Supp. 2d 1214, 1218 (D. Utah 2007).

jurisdiction is proper "by a preponderance of the evidence." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

**III. DISCUSSION**

Pursuant to 28 U.S.C. § 1446(b)(3), removal of a proceeding shall occur within thirty days of receipt of the civil action or within thirty days after receipt of the first pleading or "other paper" from which it can be determined that the action is removable. *Id*. The issue here is whether Plaintiff's Notice of Acceptance of the Offer to Confess Judgment constitutes an "other paper" for purposes of removal under §1446(b)(3).

"The ... 'other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc*., 102 F.3d 753, 755 (4th Cir.1996) (citing *Broderick v. Dellasandro*, 859 F.Supp. 176, 178 (E.D. Pa.1994));[2] *see also Fernando Garcia v. MVT Services, Inc.*, 589 F. Supp. 2d 797, 803 (W.D. Tex. 2008) ("For a document to be considered 'other paper' under § 1446(b), it 'must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now

---

[2]"Although . . . removal statutes should be strictly construed against removal, this principle of construction does not defeat the general principle of statutory construction that terms used in a statute should be given their plain meaning." *Parson v. Johnson & Johnson*, 749 F.3d 879, 887 (10th Cir. 2014) (citing *Miss. ex rel. Hood v. AU Optronics Corp*., __ U.S. __, 134 S.Ct. 736, 744, 187 L.Ed.2d 654 (2014)).

support federal jurisdiction.'" ) (citation omitted). The defendant must have received "unequivocal" notice that federal jurisdiction is proper, *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir.1999), because § 1446(b) "requires that for removal to be proper a case be 'one which is or has become removable,' not a case that *most likely* will be removable." *Krueger v. Kissinger*, 37 F. Supp. 3d 1200, 1203 (D. Colo. 2014) (citing *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (emphasis added)).

Pursuant to the "voluntary-involuntary" test, "a cause cannot be removed where the removability is a result of some development other than a voluntary act of plaintiff. . . . The cause cannot be removed as a result of evidence from the defendant or the result of a court order rendered on the merits of the case." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir. 1979). To this end, "[i]t is quite well-settled that if the plaintiff voluntarily dismisses, discontinues, or in any way abandons, the action as to the resident joint defendant, the cause then becomes removable, and may, upon prompt action, be removed by the nonresident defendants who have been served." *Foster v. A.H. Robins Co., Inc.*, 61 F. Supp. 2d 1121, 1123 (D. Haw. 1999) (quoting *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 334 (D.S.C.1979)); *see also Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988) ("If the plaintiff voluntarily dismissed the state action

against the non-diverse defendant, creating complete diversity, the state action may be removed because there is no risk that diversity will be destroyed later on. The voluntary act has demonstrated the plaintiff's desire not to pursue the case against the non-diverse party.").

In light of this authority, the Court finds Plaintiff's motion should be denied. Plaintiff's acceptance of the offer of judgment constitutes a voluntary act which gave ANPAC notice of the changed circumstances creating federal jurisdiction. Regardless of how Plaintiff's actions are interpreted, it is clear her acts of accepting the offer to confess judgment, as well as receiving, negotiating and cashing the settlement checks, reflects a clear intent to dismiss, discontinue or otherwise abandon her claims against the Wilson Defendants. The only remaining act is the entry of judgment, which, according to ANPAC's response, Plaintiff has not effectuated. Therefore, under the circumstances presented here, the Court finds Plaintiff's Notice of Acceptance constitutes an "other paper" under § 1446(b) and ANPAC's removal, based on its receipt of such paper, was proper. The Court declines to address the other grounds raised in Plaintiff's motion.

## IV. CONCLUSION

Plaintiff's Motion to Remand [Doc. No. 8] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 6th day of May, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE